<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CARLOS ARTURO BARBERAN CARRION, <br><br> *Petitioner*, <br><br> v. <br><br> FIELD OFFICE DIRECTOR OF IMMIGRATION AND CUSTOM ENFORCEMENT, *et al.*, <br><br> *Respondents*. | Civil Action No. 26-cv-00004 <br><br> **MEMORANDUM OPINION AND ORDER** |

**SEMPER, District Judge.**

**THIS MATTER** comes before the Court on the Petition for a Writ of Habeas Corpus filed by Petitioner, Carlos Arturo Barberan Carrion ("Petitioner") pursuant to 28 U.S.C. § 2241, challenging the legality of his immigration detention. (ECF No. 1.)  On January 15, 2026, the Court determined that Petitioner's detention is governed by 8 U.S.C. § 1226(a) and ordered Respondents to provide him with an individualized bond hearing before an Immigration Judge by January 22, 2026.  (ECF No. 2.)  The Court further directed the Immigration Judge to determine whether Petitioner posed a flight risk or danger to the community. (*Id*.)

## I.    <u>BACKGROUND AND PROCEDURAL HISTORY</u>

Following the Court's order directing Respondents to provide Petitioner with an individualized bond hearing before an Immigration Judge (ECF No. 2), Respondents informed the Court that a bond hearing occurred on January 22, 2026, and that Immigration Judge Miguel Cordero Gonzalez ("Judge Cordero Gonzalez") denied bond.  (ECF No. 4.)  Because federal courts

retain jurisdiction to ensure that court-ordered custody proceedings comport with due process, the Court required Respondents to address whether that hearing satisfied the requirements of fundamental fairness.[1]  (ECF No. 5.)  Respondents submitted briefing and the transcript of the hearing.  (ECF Nos. 7, 8.)  Having reviewed those materials, the Court concludes that the hearing failed to provide Petitioner a meaningful opportunity to present evidence and therefore did not satisfy due process or this Court's prior Order.

## II.    LEGAL STANDARD

Although courts generally lack jurisdiction to review the discretionary denial of bond under Immigration and Nationality Act § 236(e), habeas jurisdiction remains available to ensure that detention proceedings comply with the Constitution.  *See Diop v. ICE/Homeland Security*, 656 F.3d 221, 234 (3d Cir. 2011); *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469, 474–75 (3d Cir. 2015).

The Third Circuit has explained that a bond proceeding is fundamentally fair only where the detainee (1) receives fact-finding based on a record produced before the decisionmaker and

---

[1] The written order issued by Judge Cordero Gonzalez states that Petitioner "requested a custody redetermination pursuant to 8 C.F.R. § 1236" and denies relief because there was "[n]o evidence to support he is not a danger to community or flight risk," "no sponsor" and "NO NO [*sic*] JURISDICTION."  (ECF No. 4-1.)

The Court's concern is whether the hearing meaningfully implemented the individualized assessment required by the Court's January 15, 2026 Order.  Under the Board's articulation of flight-risk analysis, bond determinations must reflect reasoned consideration of relevant factors, including family ties, length of residence, employment history, criminal record, and prior compliance with immigration proceedings.  *See Matter of R-A-V-P-*, 27 I&N Dec. 803 (BIA 2020).  The sparse order issued here—resting on a generalized statement that Petitioner failed to meet his burden—does not permit the Court to discern whether those considerations were meaningfully evaluated.

The Court therefore directed Respondents to provide a transcript and briefing to determine whether the hearing constituted a procedurally adequate custody determination susceptible to meaningful judicial review.

2

disclosed to the detainee, (2) is permitted to present arguments and evidence, and (3) receives an individualized custody determination.  *Ghanem v. Warden Essex County Correctional Facility*, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022).

**III.    DISCUSSION**

The transcript of the January 22, 2026, hearing demonstrates that Petitioner—appearing *pro se*—was not afforded a meaningful opportunity to present evidence in support of release. (ECF No. 8-1.)

During the hearing, Petitioner informed Judge Cordero Gonzalez that documentary evidence supporting his request for bond had been mailed to him but had not yet arrived. (*Id.* at 4.) Petitioner asked for an opportunity to present that evidence before the Court ruled. (*Id.*) Judge Cordero Gonzalez refused, stating that the court was "following the guidance provided by the New Jersey Court that says that we have to conduct a bond hearing by today." (*Id.*) Judge Cordero Gonzalez then denied bond because Petitioner had "not provided" sufficient evidence demonstrating that he was not a flight risk or danger to the community. (*Id.* at 3–4.)

That reasoning cannot be reconciled with due process. A detainee cannot be required to carry a burden of proof while simultaneously being denied the opportunity to present the evidence necessary to meet it. Judge Cordero Gonzalez' refusal to allow Petitioner even minimal time to obtain the documents he identified effectively foreclosed any meaningful evidentiary presentation. A bond determination rendered on such a truncated record does not satisfy the requirements of fundamental fairness. *See, e.g., Ghanem v. Warden Essex County Correctional Facility*, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) (explaining that a fundamentally fair immigration bond hearing requires factfinding based on a record produced before the decisionmaker and a meaningful opportunity for the detainee to present evidence and argument); *Abdulai v. Ashcroft*,

239 F.3d 542, 549–50 (3d Cir. 2001) (holding that due process in immigration proceedings requires that a noncitizen be afforded a reasonable opportunity to present evidence on his own behalf); *see also Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011) (holding that due process in immigration custody proceedings requires a meaningful opportunity to present evidence and contest the basis for detention).

Judge Cordero Gonzalez' explanation—that this Court required the hearing to occur that day—does not cure the defect. The Court's January 15 Order required that Petitioner receive a meaningful individualized bond hearing by January 22, 2026. (ECF No. 2.) Nothing in that Order prevented Judge Cordero Gonzalez from ensuring that the proceeding was conducted on a complete and fair record. By denying Petitioner the opportunity to present evidence and then denying bond for lack of evidence, Judge Cordero Gonzalez frustrated the purpose of the Court's directive.

Respondents' argument that the Court lacks jurisdiction to review the bond denial is therefore misplaced. The Court does not revisit the Immigration Judge's discretionary weighing of the evidence. Rather, the Court exercises its habeas authority to determine whether the hearing ordered by this Court complied with due process. *See Diop*, 656 F.3d at 234. Because the hearing failed to provide Petitioner with a meaningful opportunity to present evidence, it did not.

## IV.    **REMEDY**

Respondents further inform the Court that Petitioner was transferred outside this District after the filing of the petition and is presently detained in Mississippi. (ECF No. 12.) That transfer does not divest this Court of jurisdiction over a properly filed habeas petition, nor does it excuse compliance with this Court's prior orders. [2]

---

[2] The Court further notes that Judge Cordero Gonzalez' notation, "NO NO [*sic*] JURISDICTION"

Because the January 22 hearing did not provide the constitutionally required process and failed to satisfy this Court's January 15 Order, Petitioner's continued detention cannot be sustained on the basis of that proceeding.

Under these circumstances, the appropriate remedy is immediate release from immigration custody.

Accordingly, for the reasons stated above,

**IT IS** on this 16th day of March 2026,

**ORDERED** that the Court finds the January 22, 2026 bond hearing failed to comport with the requirements of due process and fundamental fairness and therefore did not satisfy this Court's January 15, 2026 Order (ECF No. 2); and it is further

**ORDERED** that Respondents shall **on this date IMMEDIATELY RELEASE** Petitioner under the same conditions that existed prior to his detention; and it is further

**ORDERED** that Respondents shall take all necessary steps to return Petitioner to the District of New Jersey for the purpose of effectuating his release; and it is further

**ORDERED** that Respondents shall file a letter on the docket confirming the date and time of Petitioner's release; and it is further

**ORDERED** that Respondents are **ENJOINED** from rearresting or otherwise detaining Petitioner under § 1225, which this Court has found inapplicable to him (ECF No. 2); and it is further

---

underscores the internal inconsistency of the January 22 order. This Court had expressly determined that Petitioner's detention falls under 8 U.S.C. § 1226(a) and ordered an individualized bond hearing, which confers jurisdiction on the Immigration Judge to conduct the hearing and determine whether the detainee poses a flight risk or danger to the community. (ECF No. 2.) If Judge Cordero Gonzalez believed he lacked jurisdiction to conduct the hearing, he could not simultaneously resolve the merits and deny bond. In either scenario, the order reflects a proceeding that failed to provide the fundamentally fair hearing required by this Court's prior directive.

**ORDERED** that, should Respondents later detain Petitioner, this Court retains jurisdiction over the matter and Petitioner may move to promptly reopen this case, at which time the Court may take further action as appropriate; and it is further

**ORDERED** that Respondents' request to lift the Court's prior removal injunction (ECF No. 12) is **DENIED.**

**ORDERED** that the Clerk of the Court shall **CLOSE** this case.

/s/ Jamel K. Semper
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:  Clerk
cc:    Parties